UNITED STATES COURT OF APPEALS

**Filed 12/18/95**

TENTH CIRCUIT

---

HERSCHEL L. RITCHIE,                          )
                                              )
    Plaintiff-Appellant,              )
                                              )
                                              )     No. 95-5081
v.                                            )   (D.C. No. 93- C-728-B)
                                              )     (N. Dist. Okla.)
SHIRLEY S. CHATER, Commissioner,              )
Social Security Administration,               )
                                              )
    Defendant-Appellee.               )

---

ORDER AND JUDGMENT[*]

---

Before **SEYMOUR**, Chief Judge, **McKAY** and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470.

Herschel Ritchie filed an application for Social Security disability benefits that was denied after a hearing before an Administrative Law Judge (ALJ). The district court affirmed the ALJ's decision and Mr. Ritchie appeals. We affirm.

Mr. Ritchie alleges that he has been disabled since an injury in 1983 due to morbid obesity, scoliosis, and diffuse bulging annulus causing severe back pain. His insured status expired December 31, 1988; in order to gain benefits, he must establish that he was disabled as of that date. The ALJ determined that Mr. Ritchie could perform the full range of light work and, relying both on the grids and the testimony of a vocational expert, found that Mr. Ritchie was not disabled.

On appeal, Mr. Ritchie argues that the record does not contain substantial evidence to support the ALJ's finding that he could perform the full range of light work. In particular, he contends the evidence does not support a finding that he could perform the walking/standing requirements of light work. These requirements are set out in the regulations:

> Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.

20 C.F.R. § 404.1567(b) (1995).

Substantial evidence is that relevant evidence which a reasonable mind might accept as adequate to support a conclusion. Frey v. Bowen, 816 F.2d 508, 512 (10th Cir.

1987) (quoting <u>Turner v. Heckler</u>, 754 F.2d 326, 328 (10th Cir. 1985)). Evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. <u>Id.</u> (quoting <u>Knipe v. Heckler</u>, 755 F.2d 141,145 (10th Cir. 1985)).

Mr. Ritchie's treating physician referred him to an orthopedic surgeon in September 1983. The surgeon told Mr. Ritchie in November 1983 that he could expect a full recovery. The surgeon noted after a subsequent visit that Mr. Ritchie returned with a "gratifying rehabilitation," that he was "walking a mile twice a day," and that the walking would gradually escalate "to 2 miles twice a day." Rec., vol. II at 181. There are no subsequent medical records concerning Mr. Ritchie's ability to stand and walk except two reports that Mr. Ritchie concedes the ALJ could properly discount, and reports that are irrelevant because they were generated after Mr. Ritchie's insured status ended. In view of the records of the orthopedic surgeon, we conclude that substantial evidence supports the ALJ's determination that Mr. Ritchie had the ability to perform the full range of light work.

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT

Stephanie K. Seymour
Chief Judge

-3-